**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**


JOSE E. ROSARIO-FABREGAS,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
NY-0752-17-0147-I-1

DATE: June 14, 2023


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jose E. Rosario-Fabregas</u>, San Juan, Puerto Rico, pro se.

<u>Elizabeth Moseley</u> and <u>Elizabeth Vavrica</u>, Jacksonville, Florida, for the
    agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed his constructive suspension appeal for lack of jurisdiction. On petition
for review, the appellant argues that the administrative judge erred in construing
his appeal as a constructive suspension. He further argues, in the alternative, that

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the administrative judge erred in finding that he was not constructively suspended because his decision to use leave for the alleged constructive suspension period was involuntary and the result of improper agency actions. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the time period before September 27, 2016, we AFFIRM the initial decision.

¶2        Although the appellant's arguments do not provide a basis for review, we find it necessary to clarify the basis for concluding that the appellant was not constructively suspended for a portion of the alleged constructive suspension period—the period from September 6-26, 2016. The agency attempted to return the appellant to duty on September 6, 2016, after imposing his Board ordered 30-day suspension. Initial Appeal File (IAF), Tab 4 at 26-27, Tab 17 at 7; *see Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-13-0142-I-2, Final Order, ¶ 49 (July 1, 2016). The appellant has identified no medical documentation showing that his medical condition had changed between 2012, when the agency last refused to allow him to return to duty because of his medical condition, and September 6, 2016. On September 29, 2016, he submitted a note, signed on September 27, 2016, from his treating psychiatrist certifying

that he was medically unable to return to duty. IAF, Tab 4 at 162-63. Thus, for the period of September 6-26, 2016, the agency's request effectively was a continuation of its previous requests for medical documentation issued in 2011 and 2012. *See Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶¶12-19 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016).

¶3        The Board found nothing improper about the agency's decision not to return the appellant to duty in 2011 and 2012, despite his request to return, until he provided additional medical documentation confirming his ability to work with or without a reasonable accommodation.[2] *Id.* The Board further found that the agency's request for medical documentation was an appropriate response to the appellant's reasonable accommodation request, was consistent with the agency's leave procedures and regulations, and was in compliance with the Americans with Disabilities Act Amendments Act of 2008 (ADAAA).[3] *Id.* Even if the appellant was no longer a threat, as previously feared, *id.*, ¶ 17, the question of whether his ability to perform the essential functions of his job was impaired by his psychiatric condition had not been resolved. IAF, Tab 4 at 26-29. We therefore find that the agency did not act improperly when it continued to request a medical

---

[2] The appellant is collaterally estopped from relitigating issues related to his absences in 2011 and 2012 because: (1) they are identical to those at issue here; (2) those issues were actually litigated; (3) those issues were necessary to the dismissal of his prior constructive suspension appeal; and (4) he had a full and fair opportunity to litigate those issues in that action. *See Rosario-Fabregas*, 122 M.S.P.R. 468, ¶¶8-19; *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005) (setting forth the four factor test for determining when it is appropriate to apply the collateral estoppel doctrine).

[3] A disability-related inquiry or medical examination may be job-related and consistent with business necessity, and thereby permissible under the ADAAA, if an employer has a reasonable belief, based on objective evidence, that: (1) an employee's ability to perform essential job functions will be impaired by a medical condition; or (2) an employee will pose a direct threat due to a medical condition. *Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 14. Moreover, an agency may request information in order to make a decision on a reasonable accommodation request. *Id.*, ¶ 13; 42 U.S.C. § 12111(9)(B) (providing that a modified or part-time work schedule is a type of reasonable accommodation); *see also* 29 C.F.R. § 1630.2(o)(2)(ii) (same).

certification clarifying the appellant's ability to return to duty in September 2016, and for refusing his return when he failed to provide it. *Id.* at 26-29, 87-88, 146-48. Rather, as the Board found in the appellant's compliance matter regarding the same alleged failure to return to duty, the agency's request for medical information was reasonable. *Rosario-Fabregas v. Department of the Army*, MSPB Docket No. NY-0752-13-0142-C-1, Initial Decision at 5-7, 10 (May 11, 2017), *aff'd*, Order, ¶ 1 (Dec. 5, 2022); *see generally Senior v. U.S. Postal Service*, 85 M.S.P.R. 283, 287-88 (2000) (recognizing that a physical inability to perform constitutes a legitimate reason for an agency's failure to return an appellant to her position after cancellation of an adverse action); *Connor v. U.S. Postal Service*, 50 M.S.P.R. 389, 392-93 (1991) (finding that an agency did not violate the Board's reinstatement order by requiring the appellant to undergo a fitness-for-duty exam or submit current medical documentation before returning him to duty after a lengthy absence and prior history of medical inability to work).

¶4      Accordingly, the appellant has not shown that he was constructively suspended for this or any of the other time periods at issue. The administrative judge's failure to properly address his allegations regarding the time period before September 27, 2016, in particular is not a basis for review. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court

of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          /s/ for

                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.